IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Clarissa M. Robinson a/k/a Clarissa Napper<br>Debtor | CHAPTER 13 |
| JPMorgan Chase Bank, National Association<br>Movant<br>vs. | NO. 16-10238 JKF |
| Clarissa M. Robinson a/k/a Clarissa Napper<br>Debtor<br>Margaret P. Robinson<br>Co-Debtor | 11 U.S.C. Section 362 |
| William C. Miller       Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,829.96**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 1, 2017 through March 1, 2017 at $490.01/month<br>April 1, 2017 through July 1, 2017 at $500.61/month |
| Suspense Balance: | $152.50 |
| **Total Post-Petition Arrears** | **$2,829.96** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

a). Debtor shall amend/modify her Chapter 13 Plan to provide for plan payments to cure the post-petition arrearage of $2,829.96, in addition to the plan payments already provided for in the Plan to cure the pre-petition arrearage set forth in Movant's current proof of claim. Within seven (7) days of the court order granting and/or approving of this stipulation, Debtor shall file with the Court a motion to modify the Debtor's Chapter 13 plan as necessary to accomplish the above.

b). The Proof of Claim of JPMorgan Chase Bank, N.A. is hereby updated to conform to this Stipulation, and further, this Stipulation shall serve as a Supplemental Proof of Claim.

3. Beginning with the payment due August 1, 2017 and continuing thereafter, Debtor shall pay the regular monthly mortgage payment of $500.61 (or as adjusted under the terms of the mortgage) on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should

fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay and the codebtor stay, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed from of Order that was filed with Movant's instant Motion for Relief, or in a form substantially similar thereto. ("Movant" in this paragraph, and hereinafter, refers to Movant, or to any of its successors or assignees, or to any succeeding claim holder should the claim be transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 19, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 8/3/2017

David M. Offen, Esquire
Attorney for Debtor Clarissa M. Robinson, and also signing on behalf of Co-Debtor Margaret P. Robinson

**NO OBJECTION** *

Date: 8/17/17

William C. Miller, Chapter 13 Trustee

Approved by the Court this 22nd day of August, 2017. However, the court retains discretion regarding entry of any further order.

Hon. Jean K. Fitzsimon
United States Bankruptcy Judge

*without prejudice to any trustee rights or remedies